la an action of debt in the Superior Court of Henrico County, against William Mann, assignor, by Peyton Drew his Attorney duly constituted and authorised, of a promissory note of a certain Harrison Dance, negotiable and payable at the Bank of Virginia, which note was protested for nonpayment; the defendant having pleaded nil debet, the Jury found a special verdict; “that Harrison Dance executed the note in the declaration set forth, at the date therein set forth; (which note they found in haec verba, dated February 26th 1816, for three thousand dollars, value received, payable to Peyton Drew or order, thirty daj’s after date, negotiable and payable at the Bank of Virginia;) — “that the said note was endorsed, in blank, by Peyton Drew in the declaration mentioned, *by writing his name thereon; and that he also endorsed the said note under his own name in blank, in these words, “William Mann by Peyton Drew his Attorney;” “which last endorsement was also in blank; which said note thus endorsed came lawfully into the hands of the plaintiff, (Robert King,) for a valuable consideration, in the course of business; and that the plaintiff endorsed the same, under the endorsement last mentioned, for the purpose of putting it into the Bank of Virginia for collection, and for no other purpose; that he accordingly put it into the said Bank for that purpose, between the date of the said note and the day of payment; that, on the 30th of March 1816, the day when the said note was demandable, the days of grace being then completed, payment thereof was in due form demanded of the said Dance, and, payment not being made, the same was in due form protested ; due notice being given to the said Mann and the said Drew;” (which protest was found in hasc verba;) “that, on the 26th October 1814, the said William Mann executed in due form a letter of Attorney to the said Drew, (found also in hasc verba,) empowering him, “in his (the said Mann’s) name, to draw checks, endorse notes, and generally to do all and every act and deed, towards the execution of his business at the Bank, of Virginia; ’thereby ratifying and confirming whatever his said Attorney might lawfully do in the premises; which letter of Attorney was deposited in the Bank of Virginia, on the day of date thereof, where it has always remained since that time; the said letter of Attorney having been revoked since the protest aforesaid; that such powers of Attorney, deposited as aforesaid, are open in the said Bank, when called for, to the inspection of any person that may be interested in matters having relation to them: that, at the time the said letter of Attorney was deposited in the said Bank, the said Maun was the last endorser on a note for $450 drawn by Harrison Dance, and endorsed by Peyton Drew, which said note was discounted in the said Bank; which *note was afterwards renewed from time.,to time; the said Drew endorsing the said renewed notes in pursuance of the said power: that, when the said letter of Attorney was executed, the declared object of it on the part of the said Mann was to authorise the said Drew to renew their former accommodation paper, then in Bank, and for no other purpose whatever: that the said Mann was frequently absent from his place of abode in Richmond, being engaged in the performance of a public duty, that of Deputy Marshal of the United States, which he had long exercised and continued to exercise; that he had no personal knowledge of the said endorsement in the declaration mentioned, and gave no other authority for it than the letter of Attorney aforesaid. — On the whole matter, if the law was for the plaintiff, they found for the plaintiff the debt in the declaration mentioned with lawful interest from the 30th of March 1816, ’till payment, and $3 75 cents charges of protest, and one penny damages; and, if the law was for the defendant, they found for the defendant.
On this verdict, the Court gave judgment for the plaintiff; and that judgment, upon an appeal was affirmed by this Court.